# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WESCO INSURANCE COMPANY,

    Plaintiff,

v.                                                                             No. 19-cv-0481 SMV/JFR

MIDNIGHT LOGISTICS, LLC;
TODD LOPEZ, as Personal Representative
of the ESTATE OF JULISSA CARAVEO;
MARISSA QUEZADA, as Personal Representative
of the ESTATE OF SUSANA "SUSIE" CARAVEO;
JULIO CARAVEO, as Personal Representative of
the ESTATE OF JOSE ELIAS CARAVEO;
DIEGO ZAMORA, as Personal Representative of
the ESTATE OF JOSE CLEMENTE, SR.;
CONSUELO CLEMENTE, individually;
KRISTINA MARTINEZ, as Personal Representative of
the ESTATE OF MAURELLA MUNOZ;
ADRIAN MUNOZ, individually, and as
Next Friend of Minor Child, AJM; and
SOUTHLAKE LOGISTICS, LLC;

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed on May 24, 2019. The Court has a duty to determine whether subject-matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts to sustain subject-matter jurisdiction. Specifically, Plaintiff's request for relief under the Declaratory Judgement Act does not appear to trigger federal-question jurisdiction, and Plaintiff fails to

adequately allege the citizenship of any Defendant, which is necessary for diversity jurisdiction. Therefore, the Court will order Plaintiff to file an amended complaint no later than **July 3, 2019**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On May 24, 2019, Plaintiff filed its Complaint for Declaratory Judgment, invoking both federal-question jurisdiction and diversity jurisdiction. [Doc. 1] at 2. Plaintiff is an insurance company that seeks a declaratory judgment stating that there is no coverage for Defendant Midnight Logistics LLC or Defendant Southlake Logistics LLC related to a certain traffic accident.

Plaintiff invokes the Court's federal-question jurisdiction "insofar as the Declaratory Judgment Complaint is brought pursuant to federal law." [Doc. 1] at 2; *see id.* at 2 (citing the Declaratory Judgment Act, 28 U.S.C. § 2201 (2018)). Plaintiff cites no other source of federal-question jurisdiction. *See* [Doc. 1].

Plaintiff also invokes diversity jurisdiction. It alleges that the amount in controversy exceeds $75,000. *Id.* at 2. Plaintiff alleges that it is a Delaware corporation with its principal place of business in New York. *Id.* However, Plaintiff does not allege the "citizenship" of any Defendant. *See id.* at 2–4.

Rather, Plaintiff alleges that Defendants Consuelo Clemente and Adrian Munoz are "residents" of Texas; Defendants Zamora and Martinez represent wrongful death estates of decedents who were "residents" of Texas at the time of their deaths; and Defendants Lopez, Quezada, and Julio Caraveo represent wrongful death estates of decedents who were "residents"

2

of Arizona at the time of their deaths. *Id.* at 3–4. Plaintiff alleges that Defendant Midnight Logistics LLC "is a North Carolina limited liability company with its principle place of business in Florida" and that Defendant Southlake Logistics LLC is "is a South Carolina limited liability company with its principle place of business in South Carolina." *Id.* at 4. Plaintiff makes no allegation about the citizenship of any member of either Defendant LLC. *See* [Doc. 1].

## DISCUSSION

A plaintiff is required to assert the basis of subject-matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject-matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject-matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

### Federal-Question Jurisdiction

The Court is not satisfied that the Complaint, in its current iteration, triggers federal-question jurisdiction. The Declaratory Judgment Act does not extend the jurisdiction of federal courts; it merely "enlarge[s] the range of *remedies* available." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (emphasis added). It appears from *Skelly* that the Declaratory Judgement Act itself does not confer federal-question jurisdiction. *See id.* at 671–72. The "[p]ower to issue declaratory judgments must lie in some independent basis of jurisdiction." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (citing *Skelly*, 339 U.S. at 671) (dismissing lawsuit for lack of subject-matter jurisdiction because the Declaratory Judgment Act alone did not

3

confer federal-question jurisdiction). As it stands today, the Complaint's invocation of the Declaratory Judgment Act fails to satisfy federal-question jurisdiction.

## Diversity Jurisdiction

Neither is the Court satisfied that the Complaint alleges facts adequate to trigger diversity jurisdiction, because the citizenship of the Defendants is not alleged. Plaintiff must plead the State citizenship—as opposed to the residence—of each Defendant, including the State citizenship of each and every member of the Defendant LLCs.

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of an individual's residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of State citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the State indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the State in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are

therefore citizens of each and every State in which any member is a citizen. *Siloam Springs Hotel*, 781 F.3d at 1234.

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of any Defendant. Plaintiff alleges each Defendant's[1] State of residence, but residence is not sufficient. Plaintiff must allege each Defendant's State of citizenship. Similarly, Plaintiff must allege the citizenship of each and every member of the Defendant LLCs.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff must amend its Complaint to adequately allege subject-matter jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **July 3, 2019**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **July 3, 2019**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1] Several of the Defendants in this case are personal representatives of wrongful death estates. It appears to the Court, without the benefit of argument, that for purposes of diversity jurisdiction, the relevant citizenship is that of each decedent at the time of death (as opposed to the citizenship of each personal representative himself or herself). *See Brown v. Mahdi*, 482 F. Supp 2d 1300, 1303–05 (D.N.M. 2007) (citing *Tank v. Chronister*, 160 F.3d 597, 599–600 (10th Cir. 1998)).