IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESCO INSURANCE COMPANY,

    Plaintiff,

v.                                                                                                                                                           No. 19-cv-0481 SMV/JFR

MIDNIGHT LOGISTICS, Inc.;[1]
TODD LOPEZ, as Personal Representative
of the ESTATE OF JULISSA CARAVEO;
MARISSA QUEZADA, as Personal Representative
of the ESTATE OF SUSANA "SUSIE" CARAVEO;
JULIO CARAVEO, as Personal Representative of
the ESTATE OF JOSE ELIAS CARAVEO;
DIEGO ZAMORA, as Personal Representative of
the ESTATE OF JOSE CLEMENTE, SR.;
CONSUELO CLEMENTE, individually;
KRISTINA MARTINEZ, as Personal Representative of
the ESTATE OF MAURELLA MUNOZ;
ADRIAN MUNOZ, individually, and as
Next Friend of Minor Child, AJM; and
SOUTHLAKE LOGISTICS, LLC;

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the First Amended Complaint for Declaratory Judgment [Doc. 4], filed on June 26, 2019. The Court has a duty to determine whether subject-matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the First Amended Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts to sustain subject-matter jurisdiction. Specifically,

---

[1] The original Complaint named Midnight Logistics, LLC, as a Defendant. [Doc. 1]. The First Amended Complaint, however, names Midnight Logistics, Inc. [Doc. 4].

Plaintiff's request for relief under the Declaratory Judgement Act does not appear to trigger federal-question jurisdiction, and Plaintiff fails to adequately allege the *citizenship* of every Defendant (except Defendant Midnight Logistics, Inc.), which is necessary for diversity jurisdiction. Therefore, the Court will order Plaintiff to file a second amended complaint no later than **August 12, 2019**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## DISCUSSION

Plaintiff is an insurance company that seeks a declaratory judgment stating that there is no coverage for Defendants Midnight Logistics or Southlake Logistics related to a certain traffic accident. [Doc. 4]. On May 24, 2019, Plaintiff filed its original Complaint for Declaratory Judgment, invoking both federal-question and diversity jurisdiction. [Doc. 1] at 2. On review of the original Complaint [Doc. 1], the Court found that subject-matter jurisdiction was not adequately pleaded, and thus, leave was granted for Plaintiff to amend its Complaint. [Doc. 3]. Plaintiff amended its complaint on June 26, 2019, but the First Amended Complaint for Declaratory Judgment [Doc. 4] also fails to adequately establish subject-matter jurisdiction. The Court will grant Plaintiff leave to file a second amended complaint.

### Federal-Question Jurisdiction

In the original Complaint, Plaintiff invoked the Court's federal-question jurisdiction "insofar as the Declaratory Judgment Complaint is brought pursuant to federal law." [Doc. 1] at 2; *see id.* at 2 (citing the Declaratory Judgment Act, 28 U.S.C. § 2201 (2018)). Plaintiff cited no other source of federal-question jurisdiction. *See* [Doc. 1]. The Court found that the Declaratory

Judgment Act did not appear to extend the jurisdiction of federal courts; it merely "enlarged the range of *remedies* available." [Doc. 3] at 3 (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (emphasis added)). It appeared from *Skelly* that the Declaratory Judgement Act itself did not confer federal-question jurisdiction. *Id.* (citing *Skelly Oil*, 339 U.S. at 671–72). The "[p]ower to issue declaratory judgments must lie in some independent basis of jurisdiction." *Id.* (quoting *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (citing *Skelly*, 339 U.S. at 671 (dismissing lawsuit for lack of subject-matter jurisdiction because the Declaratory Judgment Act alone did not confer federal-question jurisdiction))). As the original Complaint stood, Plaintiff's invocation of the Declaratory Judgment Act failed to satisfy federal-question jurisdiction. *Id.* at 3−4.

With leave, Plaintiff amended its Complaint on June 26, 2019. As to federal-question jurisdiction, however, the First Amended Complaint [Doc. 4] offers nothing more than what appeared in the original Complaint. *See* [Doc. 4]. It should come as no surprise, therefore, that the Court remains unsatisfied that it has federal-question jurisdiction. If Plaintiff intends to invoke federal-question jurisdiction in a second amended complaint, more will be required.

Diversity Jurisdiction

On review of the original Complaint, the Court found that Plaintiff had not pleaded the State *citizenship*—as opposed to the residence—of each Defendant, including the State citizenship of each and every member of the Defendant LLCs. [Doc. 3] at 4. With leave of Court, Plaintiff filed its First Amended Complaint [Doc. 4], but the relevant allegations remain almost identical—and inadequate.

There is one exception. In the original Complaint, Plaintiff had alleged that Midnight Logistics was a limited liability company. [Doc. 1] at 4. Now, however, in the First Amended Complaint, Plaintiff alleges that Midnight Logistics is a corporation, incorporated in Florida and with its principal place of business in Florida. [Doc 4] at 4. Thus, the First Amended Complaint adequately pleads the State of citizenship (i.e., Florida) of Defendant Midnight Logistics, Inc.[2]

As to all of the remaining Defendants, however, the First Amended Complaint fails to adequately allege their citizenship. Plaintiff alleges Defendants' States of *residence*,[3] but as explained below, residence is not enough.

A plaintiff is required to assert the basis of subject-matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject-matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject-matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and where the

---

[2] Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the State in which it is incorporated *and* in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c) (2018). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every State in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

[3] Plaintiff alleges that Defendants Consuelo Clemente and Adrian Munoz are "residents" of Texas; Defendants Zamora and Martinez represent wrongful death estates of decedents who were "residents" of Texas at the time of their deaths; and Defendants Lopez, Quezada, and Julio Caraveo represent wrongful death estates of decedents who were "residents" of Arizona at the time of their deaths. [Doc. 4] at 3–4. Plaintiff alleges that Defendant Southlake Logistics, LLC "is a South Carolina limited liability company with its princip[al] place of business in South Carolina . . . The sole member of Southlake Logistics, LLC is William C. Driggers, who is a *resident* of South Carolina." *Id.* at 4 (emphasis added). Plaintiff makes no allegation about Mr. Driggers' State of *citizenship*. *See* [Doc. 4].

parties are citizens of different States. 28 U.S.C. § 1332(a) (2018). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of an individual's residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of State citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the State indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of any Defendant besides Midnight Logistics, Inc. Plaintiff alleges each Defendant's[4] State of residence, but residence is not sufficient. Plaintiff must allege each Defendant's State of citizenship.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff must amend its Complaint to adequately allege subject-matter jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **August 12, 2019**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **August 12, 2019**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[4] Several Defendants in this case are personal representatives of wrongful death estates. It appears to the Court, without the benefit of argument, that for purposes of diversity jurisdiction, the relevant citizenship is that of each decedent at the time of death (as opposed to the citizenship of each personal representative himself or herself). *See Brown v. Mahdi*, 482 F. Supp 2d 1300, 1303–05 (D.N.M. 2007) (citing *Tank v. Chronister*, 160 F.3d 597, 599–600 (10th Cir. 1998)).